Susan M. Bradley, by her Next Friend, Daniel Kellogg,
vs.
Rufus Emerson, Luther Foot, and Francis E. Phelps.

(In Chancery.)

The husband of the oratrix must be joined, unless the right claimed is in opposition to his rights, so that he should be made defendant.

This was a bill in chancery, stating that the defendants were trustees, by the deed of the oratrix by her made while sole, of certain demands and property which they were to hold and invest, and pay the interest thereof annually to her during life, and on her decease to pay the interest of one half to her husband, should she leave one, during his life, and the interest of the other half to her children, should she leave any, during their minority, and the principal to be divided among said children, or if no children, between certain collaterals named, and reserving to herself the right to make other appointment of the final distribution of the principal. The bill then states unfaithfulness and insecurity on the part of the defendants, and prays an account and relief.

To this, the defendants pleaded in abatement, that the oratrix was legally joined in marriage to Jonathan D. Bradley, who was residing with the oratrix at Brattleborough, in said county, who is not joined as a party to this bill; and for this defect for the nonjoinder of the husband, the defendants pray the bill be dismissed, &c.

47

WINDHAM,
February,
1835.
Bradley
vs.
Emerson et al.

*Hubbard and Aikens for defendants.*—Coverture, (being a personal disability) if it appear on the face of the bill, the defendant may demur.—1 Har. Cha. 403, § 5.

If it do not so appear, it is pleadable in abatement.—1 Har. Cha. 342, § 6.

A *feme covert* is incapable of exhibiting a bill *alone* (except the wife of an *exile,* or of one who has *abjured* the realm.)—Mitford, 24.

And the husband *must join,* unless the right claimed is in opposition to his rights.—Mitford, 27–8.

So, to a bill filed *against* a married woman, her husband must be a party, unless an *exile,* or has *abjured* the realm.—Mit 29.

If the interest of a party becomes *changed,* or vested in another, by death *or marriage,* in general all proceedings become abated.—Mit. 55, 57—also 95.

Husband tenant for life, remainder to wife for life, with several remainders over, objection to a bill by the husband alone, *allowed* because the wife was not joined; for if the decree be against the husband, the wife would not be bound.—1 Har. Cha. 394. 1 Atk. 291. See Cooper's Eq. 30.

*Keyes for the oratrix.*—1. The bill charges the defendants with mismanagement of the trust property of the plaintiff.

2. If a wife claims any property in opposition to the marital rights, she sues by her next friend.—*Griffith* vs. *Hood,* 2 Vesey, 451. *Pennington* vs. *Clark,* 1 S. & S. 264. Prec. in Chan. 376. Coop. Eq. 30. *Smith* vs. *Myers,* 3 Mad. R. 474. 1 Sim. & Saund. 100.

3. If wife be *cestui que trust,* she must file her bill by next friend.—*Kerke* vs. *Clark,* Prec. in Chan. 275. *Sanky* vs. *Goulduy,* Cureg, 87.

The above taken from Edwards on Parties, pages 145, 146, 150, 151.

The opinion of the court was delivered by

COLLAMER, Chancellor.—It is a general rule, that all who have a present vested interest in the subject matter of the bill, all who are interested in the event of the suit, must be made parties to the bill. A married woman cannot bring a bill alone, or by any person but her husband, as her next friend, unless where he has become *civiliter mortuus,* or where she claims adverse to him, and *he is, or should be, a defendant.* This is fully sustained by the authorities

WINDHAM,
February,
1835.

Bradlay
vs.
Emerson et al.

cited by both parties, and as collected by Edwards on Parties to Bills, 145.

There is one case cited by the counsel for the oratrix, which would seem to sustain a contrary doctrine in a particular case. It is cited thus: "If a wife be a *cestui que trust*, she must file her bill by her next friend." On the examination of the case, (Prec. in Cha. 275) it will be found the husband was a defendant, and such will always be the case where the wife is proceeding to secure property to her *separate use*, or separate maintenance.

Let us now proceed to inquire whether in this case the wife is claiming an interest *adverse* to the husband,—whether his interest is identified with the defendant's, or, on the other hand, whether the husband has not an interest with the wife, and this bill is in furtherance of his rights and interest.

The bill is to enforce the faithful performance of a trust created by the wife, before coverture, out of her own property, not to her *separate use*. By the deed, the defendants agreed faithfully to manage the trust fund of ten thousand dollars, and pay the interest annually to her during life—not to her separate use. It was nothing in the nature of a jointure. She afterwards married. Now is it contrary to the interest of the husband, that this trust should be faithfully *executed* and *enforced?* It is most obvious that these annual payments to the wife became directly the property of the husband, and that it is as much his interest they should be enforced, as that any debt should be collected, due her before marriage.

Interest, on the decease of the wife, is to him and her children, on their survivorship, subject to the contingency of a different appointment by the wife. We cannot perceive how the protecting or enforcing the faithful execution of this trust is *against* the marital or any other rights or interests of the husband, or how his interest has become identified with the defendants' in having them squander and dissipate the fund.

It therefore appears, 1st, That he has a present vested interest in the subject matter of this bill, and in its event, and should be a party orator on his own account. 2d. The oratrix is not, by this bill, claiming property in opposition to the rights of her husband, and therefore she cannot sustain this bill by another, as her next friend.

Plea in abatement allowed.