Bowen, J.
The only question raised in argument is ^whether [60S' the plaintiffs below were barred from maintaining this action by the 7th section of their charter, which is above set forth.
The claim for loss was rejected by the company on the 5th of October, 1852, and the insured parties duly notified of such rejection. A term of the court of common pleas was held in Portage county in February, 1853. The plaintiff in error claims that a failure by the defendants to sue at or before that term of the court, is a bar to any action afterward commenced by them to recover' the aforesaid loss. ’ ■
This court, at a former term, in the case of the Portage County *603 M. F. Ins. Co. v. Stickey, 18 Ohio, 455, held that a suit against the ■ company, by one of its members, can only be brought in Portage ■ county. A construction of the 7th section was thus given as to the place where the action must bo brought. The words, “ may bring an action in Portage county,” were held to determine and limit the place of suing; and now it is contended that the remaining portion of the sentence, “ at the next term of the court,” should be held to determine and limit the time in which suit may be brought. It is difficult to perceive any reason which can authorize the former construction that will not with equal propriety sanction the latter.
But it is said this is a disabling statute, and in violation of the general law of the limitation of actions, and should receive a restricted construction, and not such an one as w-ill exclude the party injured from the right of suing within the term fixed by the general act. To this it is only necessary to reply that the clause of of the 7th section in question is founded on public policy, and not like ordinary statutes of limitation, upon presumption of payment, and affects not the remedy merely, but the right of the party to sue. .The case is analogous to those contracts in which there is a positive 608] stipulation to do some act, provided specific ^demand bo made within a specified time, or provided some other precedent condition be performed. The limitation is contained in the very act of incorporation ; it is, in effect, a part of the contract between the whole company in the aggregate, and every individual member. In the • event of a loss which is not adjusted by the corporation to the satisfaction of the sufferer, and if no reference shall be agreed on, the former becomes liable to a suit at law, provided such suit be instituted within a short but definite period, adjusted to its business exigencies. If the prescribed time be suffered to elapse without suit, ■there remains no longer a legal liability in any form. 20 Vt. 222.
The reasons why all claims for loss or damage against a mutual insurance company should be adjusted as speedily as is consistent, are quite obvious. All the individuals who become interested in the company, by insuring therein, become members thereof during the terms of their respective policies, but no longer. It is impossible for the directors to settle and determine the distinct sums to be paid by the several members of the company as their respective proportions of the losses, until they have been liquidated in some one of the wavs- pointed out in the 7th section. In the construction of a stat *604 ute we must always have regard to the intention of the makers of it; and this intention, many times, is to be collected from the occasion, object, or necessity of making it, or some particular provision in it. When the intention is once discovered, it should with reason be followed in giving effect to it, even though such construction seem somewhat opposed to other general legislative enactments. 7 Vt. 369.
The act in question, containing as it does a limitation of the right, to sue, as among the members of the association, can not be treated as unmeaning or idle legislation in *that respect. The object [604 of the provision, as we have already shown, rests upon sound policy, and grows out of, and is peculiar to, the nature of the corpora-’ tion, and its mode of doing business. Such being the construction which we feel constrained to give the 7th section, it follows that the district court was at fault in its instruction to the jury, and that the plaintiff’s liability to a suit, by what we have seen should be treated as terms of the contract, which the insured accepted for-their protection against the loss, was limited to a period of time clearly specified, and that it could not, after that limitation expired, be held answerable to the defendants on their policy of insurance.
The judgment of the district court is reversed, and the cause remanded.
Bartlet, C. J., and Swan, Brinkerhoee, and Scott, JJ., concurred.