### BIBBER–WHITE CO. v. WHITE RIVER VAL. ELECTRIC R. CO.

(Circuit Court, D. Vermont. September 26, 1901.)

1. EMINENT DOMAIN—RAILROAD RIGHT OF WAY—VERMONT STATUTE.

Under the laws of Vermont (V. S. §§ 3814, 3826) a landowner who permits a railroad company to enter upon his land to construct its road without requiring the prepayment or deposit of the damages waives the right to exclude the company from the land for nonpayment of the damages, and the company has two years within which to have the damages appraised and pay the same, after which, if not paid, the landowner may sue. *Held*, that where the question of damages was submitted to arbitration, an award was made, and the company took possession and constructed its road, but did not pay the damages, the remedy of the landowner was limited to an action upon the award.

2. SAME—RIGHT OF ACTION OF LANDOWNER.

Under such statute, where a company has entered upon and used land, either under an agreement with the owner, which it has failed to keep, or without any agreement, the landowner cannot maintain a suit or proceeding in equity to enforce a lien upon the road for the damages before the expiration of two years.

In Equity. Intervening petitions by landowners for damages by the construction of the railroad, now in the hands of the receivers.

M. M. Wilson, for petitioner.

Chas. M. Bruce, for petitionee.

WHEELER, District Judge. According to the railroad laws of the state, the payment or deposit of the amount of the land damages assessed or agreed upon is a condition precedent to the vesting of the title, or of any right to construct the road; and when land is taken for a railroad, and the company has not paid therefor, nor within two years had the damages appraised, and an award made and delivered, the landowners may sue. V. S. §§ 3814, 3826. But if the landowner waives the condition, and lets the company take the land

for its road and work without payment or deposit for damages, the right to exclude the company from the road for nonpayment is lost. Chief Justice Redfield, in McAulay v. Railroad Co., 33 Vt. 311, 78 Am. Dec. 627, on this subject, said:

"In these great public works the shortest period of clear acquiescence, so as fairly to lead the company to infer that the party intends to waive his claim for present payment, will be held to conclude the right to assert the claim in any such form as to stop the company in the progress of their works, and especially to stop the running of the road after it has been put in operation, whereby the public acquire important interests in its continuance. The party does not, of course, lose his claim, or the right to enforce it in all proper modes."

The implied consent is to the taking of the land as it is wanted for the line of road, with all of the consequences; and it cannot be taken back out of the line, nor the right to it narrowed as it is needed for the railroad purposes. Railroad Co. v. Potter, 42 Vt. 272, 1 Am. Rep. 325; Austin v. Railroad Co., 45 Vt. 215.

In the case of the intervening petition of Lattimer there was an award by arbitrators of $175. A deed was to be given on payment, and the work went on without objection. The deed would be immaterial. Payment of the award without it would complete the right of the company to the roadway. Permitting the taking of the land without payment waived the right to prepayment, and thereafter the right of this petitioner appears to have consisted in the cause of action that accrued upon the award for the amount awarded. This petition must therefore be dismissed.

In the case of the intervening petition of Morse and Harding there was a parol agreement for the purchase of the whole farm at $2,000. Work began, and was proceeded with, but the agreement was not carried out. The right to the damages has sprung up from the failure to carry out the agreement which was void by the statute of frauds. There has been no payment or appraisal, but the two years given by the statute to the company within which to procure an award and make payment of damages to prevent suit have not elapsed. This case is like that of Austin v. Railroad Co., 45 Vt. 215, which was ejectment by a reversioner after a life estate whose remainder had sprung up, and had not been paid for or appraised, and who was held not to be entitled to maintain ejectment then. A lien upon the land, and an injunction against operating the road across the land to enforce the lien, is claimed,—that which would, in effect, be equivalent to an ejectment. This case is not like Kittell v. Railroad Co., 56 Vt. 96, much relied upon for the petitioner, in this respect, for there the two years had long before elapsed.

In the case of the intervening petition of the Taggarts, Mrs. Taggart seems to have been a life tenant and her daughter a reversioner, and their rights do not appear to have been noticed by the company, nor acted upon by them, when their land was taken. The husband of the mother had been a joint life tenant with her, and had died shortly before. There may have been some arrangement made or attempted with him about the right of way, but, if so, it has not been shown, and his right terminated before the work began; and as to the rights of the petitioners, the taking, as the case

stands upon the proofs, was, but for the laying out of the road, a. mere trespass. In several such cases, brought long after the expiration of the two years allowed by statute for appraisal, the state supreme court has held that the court of chancery had jurisdiction to assess the damages and stay the operation of the road across the land till payment should be made. Kendall v. Railroad Co., 55 Vt. 438; Kittell v. Railroad Co., 56 Vt. 96. But in no case noticed has it been held that such a suit could be brought within the two years, and be maintained. The company has "entered upon and used" this land, and this petition and that of Morse and Harding come exactly within the provisions of section 3826, giving the company two years for appraisals. These intervening petitions are as much suits as actions of ejectment or trespass would be, and are no more maintainable yet by the landowners than such actions would be, which, according to McAulay v. Railroad Co. and Austin v. Railroad Co., before cited, could not be within the two years at all. An appraisal and payment within the two years will, of course, end the rights of the petitioners in the Morse and Harding and the Taggart petitions, and failure thereof will leave them to their rights to sue under the statute. These two petitions must therefore be dismissed, but without prejudice to those rights.

Petition of Lattimer dismissed; petitions of Morse and Harding and of Taggarts dismissed, without prejudice to the. right to sue after two years from the taking.