JOSEPH H. BLEDSOE v. WEST BONNEY WILLS.

The judgment should correspond with, and be only the legal result of, the facts found in the verdict. Where suit is brought on a promissory note, and a mortgage, which it is alleged was given to secure its payment, if the verdict only find for the plaintiff the amount due upon the note, without any mention of the mortgage, it is error to give judgment foreclosing the mortgage.

In a suit upon a promissory note, it should be set out in the petition, by its tenor, or *in hæc verba*, or be made a part of the petition: merely to give a conversational description of it, as, that defendant, on a certain day, executed a note to R. for $200, payable at a particular time, bearing ten per cent. interest, which note has been assigned by R. to plaintiff, and that said note and assignment will be produced upon the trial, is insufficient; and although such mode of pleading may be tolerated on general demurrer, it should not be sanctioned when specially excepted to.

In a suit upon a promissory note, the promise to pay is the gist of the action; and to allege it merely as inferentially involved in the allegation that the defendant "executed a note," &c., is improper.

The allegation that defendant executed a mortgage to secure a note, can convey no definite idea of its terms and conditions, otherwise than upon inference and supposition. It should be set out, or its tenor given, that it may be judged of by the court.

ERROR from Lavaca. Tried below before the Hon. Fielding Jones.

Suit by the defendant in error, against the plaintiff in error,

upon a promissory note for $200, with interest at ten per cent., and to foreclose a mortgage given, as alleged, to secure its payment.

The jury returned the following verdict: "We, the jury, "find for the plaintiff the amount of the note, with 10 per cent. "from date;" whereupon the court gave judgment in favor of the plaintiff, for the sum of $305, and interest thereon, at the rate of ten per cent; "and further, that the note sued on is a "part of the consideration of the following tract of land," (describing the land.) "It is therefore ordered, adjudged, and "decreed, that the mortgage, as set out in the plaintiff's peti-"tion, be foreclosed," &c.

*R. M. Tevis,* for plaintiff in error.

ROBERTS, J. The verdict in this case, will not sustain the judgment foreclosing the mortgage, because there is an entire omission to find anything in relation to the mortgage. (See May v. Taylor, *supra* 348.) The judgment of the court must correspond with, and be only the legal result of, the facts found in the verdict.

Another question is presented, upon the special exception of Bledsoe, that "the note, upon which said suit purports to be "founded, is not sufficiently described and set forth in said peti-"tion, nor is the same attached as a part thereof." The pleader has not attempted to set out the note *in hæc verba,* nor to give its legal tenor, but has merely given a conversational description of it; as, that defendant below, on a certain day, executed a note to Robinson, for two hundred dollars, payable at a particular time, bearing ten per cent. interest, which note has been assigned to the plaintiff below by said Robinson; and it is alleged that the note and assignment will be produced on the trial.

The promise to pay, which is the gist of the action, is not alleged, otherwise than as it is inferentially involved in the allegation that defendant "executed a note."

This is an instrument in writing, upon which the suit is founded, and the defendant below is not allowed to dispute its existence, except by a plea, under oath. It should be set out by its tenor, or *in hæc verba*, or made part of the petition, and not by a loose general conversational description, so that the court, as well as the opposite party, should be able to know exactly its character. And though this mode of pleading may be tolerated upon general exception, when a special exception is taken to it, and the defect pointed out and complained of, the court should discourage it, by enforcing the correct rule upon the subject. We think this special exception should have been sustained.

The description of the mortgage is alike defective, in not giving its tenor, or otherwise setting it out, to be judged of by the court. The mere allegation, that a defendant executed a mortgage to secure a note, can convey no definite idea as to the terms and conditions upon which the conveyance is made, otherwise than upon inference and supposition. This, however, is not specially excepted to in this case, and need not therefore be further discussed.

For both of the errors referred to, we are of opinion that the judgment must be reversed, and the cause remanded.

Reversed and remanded.