FRANK C. WEDIG v. SAN ANTONIO BREWING ASSOCIATION ET AL.

Decided January 30, 1901.

Mortgage—Sequestration—Damages.

A mortgagee who has the right under his contract to take possession of the mortgaged property on default in payment of the debt secured, can not be held liable for damages by taking such property by writ of sequestration, though it be alleged that the writ was wrongfully procured, on false affidavit, and for the purpose of injuring the mortgagor, since he has done no more by the writ than his contract gave him the right to do without it.

Appeal from Travis. Tried below before Hon. R. E. Brooks.

*Ben P. Rogers* and *Fred Carleton,* for appellant.

*Upson & Newton, Hogg & Robertson,* and *Fred C. Von Rosenberg,* for appellees.

COLLARD, ASSOCIATE JUSTICE.—This is an action for damages for alleged wrongful and malicious suing out and levy of a writ of sequestration. The petition is as follows.

"Your petitioner, Frank C. Wedig, a resident citizen of the county of Travis and State of Texas, who will hereinafter be styled plaintiff, brings this suit and files this petition against P. L. Meyer, a resident citizen of the county of Travis and State of Texas, and the San Antonio Brewing Association, a private corporation, created under the laws of the State of Texas having its principal office in the city of San Antonio, in the county of Bexar, in the State of Texas, its president being C. Kohler, who resides in said last named county and State, and having a duly authorized agent in the city of Austin, in said county of Travis, such agent being the said defendant P. L. Meyer, who will hereinafter be styled defendants, and for cause of action plaintiff alleges:

"1. That on or about the 21st day of June, 1899, plaintiff was engaged in the business and occupation of a retail liquor dealer in the city of Austin, in the county of Travis and State of Texas, and as such dealer, and as part of his stock in trade, and as necessary for the transaction of his said business, had and owned certain fixtures and furniture of the reasonable and just value of thirteen hundred and fifty dollars, and consisting in part of the following articles: One counter, one back shelf, one mirror, one showcase, four electric fans, complete, four winerooms, one storeroom, one iron safe, one partition, four tables, eighteen chairs, one foot railing, lot of glassware, and lot of silver-plated bar spoons and bar utensils, all of which said articles were used in the business and occupation of plaintiff as a retail liquor dealer in that certain storeroom and building situated at number 701 Congress avenue, on corner of East Seventh street, in the city of Austin, aforesaid, on or about the 21st day of June, 1899, and for more than twenty months prior thereto.

"2. That on the 12th day of November, 1897, the plaintiff being indebted to the defendant, the San Antonio Brewing Association, in the sum of fifteen hundred dollars, this plaintiff executed his promissory note in said sum of money, due one day after date, with interest from date at the rate of seven per cent per annum, to the said San Antonio Brewing Association.

"3. That on said 12th day of November, 1897, in order to secure the just and full payment of the aforesaid promissory note for fifteen hundred dollars and interest, plaintiff herein made, executed, and delivered to the defendant, the San Antonio Brewing Association, a chattel mortgage, a copy of which is hereto annexed, exhibit A, and prayed to be taken and considered as a part of this petition, whereby plaintiff conveyed to the defendant as a security the personal property, with some others, which is hereinbefore described, and which was then situated in the aforesaid building and saloon situated at No. 701 Congress avenue, aforesaid, which said chattel mortgage, among other things, stipulated that the plaintiff promised to pay off the note secured by mortgage at the rate of not less than fifty dollars per month from date.

"4. That on or about the 1st day of July, 1898, plaintiff, for valuable consideration, made, executed, and delivered to defendant, the San Antonio Brewing Association, his certain promissory note for the sum of six hundred dollars, due one day after date.

"5. That on or about the 16th day of July, 1898, in order to secure the full payment of the aforesaid note for six hundred dollars and interest, plaintiff herein made, executed, and delivered unto the defendant, the San Antonio Brewing Association, a certain chattel mortgage (a copy of which is herein annexed marked exhibit B, and prayed to be taken and considered as a part of this petition), whereby plaintiff mortgaged to defendant, the San Antonio Brewing Association, those certain retail liquor dealer licenses, for State, county, and city, which were used in plaintiff's said place of business, as hereinbefore described, as well as all other personal property which was then or might be thereafter placed therein.

"6. That on or about the 21st day of June, 1899, defendant, the San Antonio Brewing Association, filed suit in the County Court of Travis County, Texas, cause No. 3219, against the plaintiff, for balance due on the two aforesaid promissory notes and to foreclose its lien on the personal property set out and described in the two aforesaid chattel mortgages, alleging a balance to be due on same of the sum of eight hundred and eighty dollars, together with interest and attorney's fees, which allegation, so contained in said suit, plaintiff now avers not to be the truth, said plaintiff herein not being at that time indebted to the said San Antonio Brewing Association in any such amount, although he admits that he was at the date of the filing of said suit indebted to said brewing association in some sum, but he denies that the same amounted to the sum of eight hundred dollars, but that such indebtedness, if any, did not and does not amount to near as much.

"7. That on the said 21st day of June, 1899, the defendant, the San Antonio Brewing Association, conspiring and confederating with the said defendant P. L. Meyer to injure plaintiff and to destroy his business credit and reputation, procured the said defendant P. L. Meyer to make and file his, the said P. L. Meyer's, affidavit for a writ of sequestration in said cause against this plaintiff, in which said affidavit he, the said P. L. Meyer, did swear that the said sum of eight hundred and eight dollars, with interest and attorney's fees, was due and owing to the said San Antonio Brewing Association by this plaintiff, that the said association had a lien or mortgage on the aforesaid personal property to secure the same, and that the San Antonio Brewing Association was entitled to the possession of said personal property, and that it feared that this plaintiff, who was in possession of said property, would injure, ill treat, waste or destroy such property during the pendency of such suit, and further set up and alleged in said affidavit the value of the property on which said lien was claimed to exist to be the sum of five hundred and twenty-nine dollars; and this plaintiff now alleges that said affidavit was untrue and false in these particulars, viz., that he was indebted to said association in the sum of eight hundred and eight dollars, exclusive of interest and attorney's fees, the truth being, as plaintiff here alleges, that there was due, if anything, a very small sum upon the said two notes and chattel mortgages, and that the value of the personal property mortgaged to said association by this plaintiff was on the said 21st day of June, 1899, the sum of thirteen hundred and fifty dollars, and plaintiff alleges that the statement in said affidavit contained, that this plaintiff would injure, ill treat, waste or destroy such personal property included in said two mortgages during the pendency of said suit in the County Court of Travis County, was utterly false, and plaintiff further alleges that said statement in said affidavit was made by both of said defendants with full knowledge of its falsity and with intent on the part of both of said defendants to injure this plaintiff in his business reputation and credit.

"8. That on the said 21st day of June, 1899, in said cause No. 3219, the said San Antonio Brewing Association also filed in said cause its bond with security in the sum of eleven hundred dollars, and thereupon was issued in said cause upon its demand a writ of sequestration directed to the sheriff or any constable of Travis County, directing him to take into his possession the personal property described in the chattel mortgage dated the 12th day of November, 1897, which said writ was duly executed by the sheriff of Travis County on the 21st day of June, 1899, by seizing the before described personal property and taking it out of the possession of this plaintiff, and which said personal property was afterwards, on July 4, 1899, replevied by the defendant, the San Antonio Brewing Association, and the same is now in its possession, and being used by it for its use and benefit.

"9. That this plaintiff alleges that by reason of the aforesaid wrongful issuance and levy of said writ of sequestration and the seizure of

the aforesaid personal property, he has been deprived of the use and benefit of same, wherefor and whereby he has been prevented from carrying on his occupation and trade as a liquor dealer, to his actual damage five thousand dollars.

"10. That this plaintiff alleges that he has been a resident of the city of Austin aforesaid for more than twenty years, has been during all of said period actively engaged in business, and during all said time enjoyed a good reputation for honesty and fair dealing, and had, up to said 21st day of June, 1899, and the issuance and levy of said writ of sequestration, a good credit and standing among business men and the commercial world generally, but that, since the said levy and the seizure of said personal property, his said credit and commercial standing has been, among his neighbors, friends, and the commercial world specially and generally, seriously impaired and destroyed by reason of the levy and seizure aforesaid, and his ability to pursue his said occupation of saloon keeper and liquor dealer totally destroyed.

"11. That the said defendants caused the issuance and levy of the aforesaid writ of sequestration maliciously and without probable cause, and with the intent on the part of both of them to injure plaintiff in his business, credit, and reputation, whereby he says he is entitled to a judgment for punitory and exemplary damages against both of said defendants in the sum of ten thousand dollars, in which sum, in addition to his actual damages, he alleges he has been damaged and injured.

"12. That by reason of the levy of said writ of sequestration, wrongfully and without probable cause, upon the said personal property of plaintiff, and his dispossession of the same, and by all the facts and circumstances as alleged hereinbefore by plaintiff, he has been actually damaged and injured by defendants in the sum of five thousand dollars, for which sum he now prays judgment against both of said defendants.

"Premises considered, plaintiff prays for process pursuant to law, and that on final trial of this cause he may have judgment against defendants, the San Antonio Brewing Association and P. L. Meyer, for the sum of five thousand dollars, actual damages, and for the further sum of ten thousand dollars as exemplary or punitory damages, for costs and for general and special relief," etc.

Exhibit A, referred to in the petition and attached thereto, is as follows:

[Exhibit A.]

"The State of Texas, County of Travis:

"Know all men by these presents that I, Frank C. Wedig, of the State of Texas and county of Travis, for and in consideration of one dollar to me in hand paid and the further consideration hereinafter set forth, have sold, transferred, and delivered, and by these presents do sell, transfer, and deliver unto the San Antonio Brewing Association, also of the State and county aforesaid, all and singular the following personal property, being in the State of Texas, county of Travis, and in the city of

Austin, and particularly described as follows, to wit: My State, county and city R. L. D. licenses, my entire bar fixtures, consisting of 1 counter, 1 back shelf, 1 mirror showcase, 4 electric fans in complete running order, 4 winerooms, 1 storeroom, 1 safe, 1 clock, 1 partition, 4 tables, 18 chairs, 1 foot railing in front of my counter, also my entire glassware now in use in my place of business, situated in the house 104 E. 7th, cor. Congress ave., in the Austin and State of Texas. It is agreed by the San Antonio Brewing Assn. and Frank Wedig that the latter promises to pay the note secured by this mortgage at the rate of not less than fifty dollars per month from date, and all personal and license now in or hereafter contained in said premises. The title to said property, I warrant to the said San Antonio Brewing Association against any and all persons whomsoever lawfully claiming or to claim the same.

"This conveyance is intended as a mortgage, however, for the purpose of securing the San Antonio Association in the payment of a certain note for the sum of fifteen hundred dollars, payable one day after date, at interest thereon at the rate of 7 per cent per annum, together with an attorney's fee of ten per cent if not paid at maturity, as well as all indebtedness now due or to become due by the said Frank Wedig to the San Antonio Brewing Asociation. Should the said Frank Wedig pay off and discharge the said note according to its terms, reading, and tenor, as well as all his indebtedness, then this instrument shall become null and void. But should the said Frank Wedig fail to pay off and discharge the said note or the indebtedness, or any part, then in that event the said San Antonio Brewing Association, through its authorized agent, may take possession of the said property and sell the same at public or private sale, as to them may seem best, with or without notice, and the proceeds thereof to apply first to the expenses incurred in executing this trust, and next towards the payment of said note and indebted, and the remainder, if any, to pay over to Frank Wedig, his heirs, and assigns.

"In testimony whereof, witness our hands at Austin, Texas, this the 12th day of November, A. D. 1897.          FRANK C. WEDIG.

"Witness: P. L. Meyer, H. F. Kaufman."

The Exhibit "B" also attached to the petition, is:

[Exhibit B.]

"The State of Texas, County of Travis:

"Know all men by these presents, that I, Frank C. Wedig, of the State of Texas and county of Travis, for and in consideration of one dollar to me in hand paid, and the further consideration hereinafter set forth, have sold, transferred, and delivered, and by these presents do sell, transfer, and deliver unto the San Antonio Brewing Assn., also of the State and county aforesaid, all and singular the following personal property, being in the State of Texas, county of Travis, and in the city of Austin, and particularly described as follows, to wit: My retail

liquor dealers licenses, consisting of State, county and city, now in use in my place of business situated at 1st floor, 104 East 7th, cor. Congress ave., Austin, Texas, and all personal property and license now in or hereafter contained in said premises. The title to which said property I warrant to the said San Antonio Brewing Association against any and all persons whomsoever lawfully claiming or to claim the same. The conveyance is intended as a mortgage, however, for the purpose of securing the San Antonio Brewing Association in the payment of a certain note for the sum of six hundred dollars, payable one day after date, date July, 1898, with interest thereon at the rate of —— per annum, together with an attorney's fee of ten per cent if not paid at maturity, as well as all other indebtedness now due or hereafter to become due by the said Frank C. Wedig to the said San Antonio Brewing Association.

"Should the said Frank C. Wedig pay off and discharge the said note according to its terms, reading and tenor, as well as all other indebtedness, then this instrument shall become null and void, but should the said Frank C. Wedig fail to pay off and discharge the said note or the indebtedness, or any part, then in that event, the said San Antonio Brewing Association, through its duly authorized agents may take possession of said property and sell the same at public or private sale, as to them may seem best, with or without notice, and the proceeds thereof to apply first to the expenses incurred in executing this trust, and next towards the payment of said note and indebtedness and the remainder, if any, to pay over to his heirs and assigns.

"In testimony whereof, witness our hands at Austin, Texas, this 16th day of July, A. D. 1898.                    FRANK C. WEDIG.

"Witness:  P. L. Meyer."

The court below sustained a general demurrer to the petition, and plaintiff declining to amend, the court dismissed the suit, from which order this appeal is taken.

*Opinion.*—It will be seen, by the terms of the mortgages, that the brewing company, defendant, had the right to take possession of the property and sell it to pay the debt secured thereby, or any part of the debt. The petition shows that the debt had not been paid in full, and the right to take the property into possession can not be questioned. The exercise of that right, and securing it by process of the court could not be ground for damages. Harling v. Creech, 88 Texas, 300. Defendant is only charged with doing an act which the contract declared he could do, and it is difficult to see how it would render itself liable for doing it.

No conversion of the property is alleged, and of course, if it should be converted by defendant, it would be liable for its value, less the amount due by plaintiff. But such is not the nature of the action. It will be observed that the amount due by plaintiff is not stated; and,

even if the suit had been for conversion, the petition would be subject to demurrer.

We find no error in the judgment of the lower court, and it is affirmed.

*Affirmed.*