**FRENCH v. MEYER & KISER. (No. 1764.)**

(Court of Civil Appeals of Texas. El Paso. Nov. 5, 1925. Rehearing Denied Dec. 3, 1925.)

**1. Chattel mortgages 282—Verdict insufficient to support judgment of foreclosure.**

In action on note secured by mortgage on automobile and to foreclose mortgage, where defendant interposed a general denial, verdict in response to peremptory instruction to find for plaintiff, making no finding with respect to mortgage, *held* insufficient to support judgment of foreclosure.

**2. Courts 121 (7)—Cross-action for amount beyond jurisdiction of court not sustainable.**

A cross-action for recovery of amount beyond jurisdiction of court is not sustainable.

**3. Chattel mortgages 161—Writ of sequestration held to afford no ground for damages, where mortgage conveyed right of possession.**

In action on note secured by chattel mortgage and for foreclosure of mortgage, which authorized mortgagee to take possession on default, a writ of sequestration, exercising right of possession, affords no ground for damages.

Appeal from Stephens County Court; E. F. Ritchey, Judge.

Action by Meyer & Kiser against Dr. J. P. French. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Frank S. Roberts, of Breckenridge, and E. W. Bounds, of Fort Worth, for appellant.

Floyd Jones and T. Edgar Johnson, both of Breckenridge, for appellees.

HIGGINS, J. [1] Appellees sued upon a series of notes executed by appellant and a mortgage upon an automobile to secure their

payment. A writ of sequestration was sued out and the car seized. Appellant answered by a general denial and a special defense not necessary to state. He also set up a cross-action for damages in the sum of $1,250 for the alleged wrongful and malicious issuance of the writ. In response to a peremptory instruction, a general verdict in favor of the plaintiffs was returned, and judgment in their favor rendered for $686.42, and foreclosure of the mortgage lien upon the automobile. The verdict made no finding with respect to the mortgage. A general denial having been filed, every fact pleaded by the plaintiff was put in issue. The verdict was therefore insufficient to support the judgment of foreclosure. May v. Taylor, 22 Tex. 349; Bledsoe v. Wills, 22 Tex. 650; Preston v. Breedlove, 45 Tex. 47; Handel v. Elliott, 60 Tex. 147; Ablowich v. Bank, 95 Tex. 429, 67 S. W. 79, 881. For the error indicated the judgment will be reversed.

[2, 3] The assignments relating to the cross-action are overruled for two reasons: First, because the cross-action was for an amount beyond the jurisdiction of the court. Gimbel v. Gomprecht, 89 Tex. 497, 35 S. W. 470. Second, the mortgage provided that upon default the mortgagee was authorized to take possession of the car and sell the same. The exercise of the right of possession by the writ of sequestration affords no ground for damages. Wedig v. San Antonio Brewing Ass'n, 25 Tex. Civ. App. 158, 60 S. W. 567; Nichols v. Paine, 52 Tex. Civ. App. 87, 113 S. W. 972.

There are a number of other assignments, some of which assume a state of facts contrary to the record. In the state of the record, the error above indicated is the only matter of a reversible nature.

Reversed and remanded.

**On Rehearing.**

In their motion for rehearing appellees earnestly insist we erred in our ruling upon the insufficiency of the verdict to support the judgment of foreclosure.

The cases cited in the motion have been carefully considered. Some of them do not involve the question here at issue, and for such reason are not in point; some are discussed, and their distinguishing features pointed out, in the Ablowich Case, 95 Tex. 429, 67 S. W. 79, 881; others have the distinguishing feature present in Railway Co. v. Henderson, 86 Tex. 307, 24 S. W. 381. Under the authorities cited in the main opinion, we see no occasion to change our ruling.

Appellant has also filed a motion for rehearing, and insists that his third assignment should have been sustained also. This assignment presents no error, for the reason stated in Sowell v. Federal Reserve Bank, 268 U. S. 449, 45 S. Ct. 528, 69 L. Ed. 1041. Both motions are overruled.

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes