PETERSIME INCUBATOR CO. et al.
v. BUNN.
No. 4751.

Court of Civil Appeals of Texas. Beaumont.
April 19, 1951.

Rehearing Denied May 9, 1951.

James E. Faulkner, Cold Springs, for appellant.

V. A. Collins, Livingston, for appellees.

R. L. MURRAY, Justice.

On February 20, 1939 the Petersime Incubator Company of Gettysburg, Ohio, the appellant, sold to J. W. Bunn of Polk County, Texas, the appellee, one electric incubator at a price of One Thousand Four Hundred and Ninety ($1,490) Dollars. Of this amount Eleven Hundred and Ninety-two ($1192) Dollars was to be paid by monthly deferred payments, the last of which was due June 1, 1941. The indebtedness was secured by a chattel mortgage upon the incubator. On January 5, 1943 Bunn executed to Petersime Incubator Company what appears to be a renewal note for the unpaid balance in the sum of Three Hundred and Thirty and 48/100 ($330.48) Dollars due September 15, 1944. The chattel mortgage was duly filed in the office of the County Clerk of Polk County. On December 14, 1946 Petersime Incubator Company filed in the office of the County Clerk of Polk County an affidavit stating that said debt had not been paid and stating the amount still due thereon. On June 21, 1950 appellant filed this suit in the District Court of Polk County for its debt and foreclosure of chattel mortgage on the incubator and sued out a writ of sequestration by giving the affidavit and bond therefor as required by law. The property was not replevied by either party and remained in the custody of the Sheriff pending the outcome of the suit.

The appellee Bunn answered by special exceptions, general denial and pleaded the four year statute of limitation, Vernon's Ann.Civ.St. art. 5527, against the appellant's debt and lien. He also reconvened against the appellant and Fidelity and Deposit Company of Maryland, which was the surety upon the appellant's bond for sequestration. He sued them for damages in the amount of Two Hundred and Fifty ($250) Dollars per month alleged to have been suffered by him because of loss of the use of said incubator during the time when its possession was taken from him under the writ of sequestration.

When the case was called for trial appellant Incubator Company objected to going to trial on the appellee's complaint for damages because neither Petersime Incubator Company nor Fidelity and Deposit Company of Maryland had been served with any citation upon the plea in reconvention of the appellee. The trial court overruled appellant's motion to sever the two claims and the case went to trial on both appellant's cause of action and appellee's plea in reconvention. The trial court's judgment was that appellant's debt and lien were barred by the four-year statute of limitation and therefore it was adjudged that appellant take nothing against the appellee. Appellee was also awarded Five Hundred ($500) Dollars as damages on his plea in reconvention against the appellants Petersime Incubator Company and Fidelity and Deposit Company of Maryland, both of whom have perfected their appeal from such judgment.

■ By their first two points appellants complain of the trial court's action in requiring them to go to trial on the appellee's plea in reconvention. No error is shown in such action of the court. Where the defendant by reconvention in the original action seeks to recover his damages for wrongful sequestration, judgment may be rendered against the sureties on the bond without citation or notice to them. Wilkinson v. Stanley, Tex.Civ.App., 43 S.W. 606; 38 Tex.Jur. 250.

■ Appellant Petersime Incubator Company's third and fourth points maintain that it should have judgment against appellee on its original cause of action because the appellee introduced in evidence its verified petition and that one of its alternative grounds for relief was a suit for goods, wares and merchandise. We overrule these points without discussion, other than to point out that the appellant introduced in evidence its note and chattel mortgage and the renewal and affidavits filed in connection therewith in the office of the County Clerk of Polk County and its suit was for its debt and foreclosure of its chattel mortgage. The introduction in evidence of plaintiff's petition on the trial

could not have the effect of preventing defendant from asserting his plea of limitation.

Appellant's Point 5 presents a new question for determination. Article 5499, Vernon's Annotated Civil Statutes of Texas, reads as follows:

"Art. 5499. Destruction of chattel mortgage

"All chattel mortgages filed with the county clerks of this State in accordance with law shall be prima facie presumed to have been paid after the expiration of six years from the date of the maturity of the debts such mortgages were intended to secure, unless the owner or holder of such mortgages, his agent or attorney, shall, within three months next before the expiration of said time, file an affidavit in writing with the county clerk stating that such debt has not been paid, and the amount still due thereon. If such affidavit is not filed, the clerk shall, at the expiration of said time, either deliver such mortgage to the maker or destroy the same."

The appellant argues that since it had complied with said statute by filing an affidavit in writing in December, 1946, the filing of said affidavit by it served as a renewal and extension of the indebtedness secured by the chattel mortgage. The effect of said article of the statute upon the rights of parties themselves, mortgagor and mortgagee, has not been construed by the courts of Texas. Similar statutes in other jurisdictions, however, have been considered and construed. The authorities are unanimous in holding that the filing of such an affidavit of non-payment does not affect the rights of the parties, mortgagor and mortgagee. The filing of the affidavit or the refiling of the chattel mortgage is for the purpose of protecting creditors and bona fide purchasers without notice and not for the purpose of continuing the lien between the parties to the mortgage. See 51 A.L.R. 604 and cases cited. We therefore overrule the appellant's 5th Point and hold that filing of the affidavit as provided for in said statute in no way operated to extend the maturity date of appellee's debt to the appellant.

Appellant Incubator Company contends in Point 6 that by the wording of its sales contract the appellant reserved title to the incubator until it was paid for and that since it had filed an affidavit of non-payment under Art. 5499, supra, it still could maintain its suit for possession of the property. It is well settled in Texas that all such attempted reservations of title simply make the instrument a chattel mortgage, and the status of the parties is that of mortgagor and mortgagee. This point is overruled.

Appellants have another Point 6 in their brief which we will call 6a. Under this point they contend that it was error for the trial court to enter judgment against appellant Petersime Incubator Company as principal and Fidelity and Deposit Company of Maryland as surety on its sequestration bond because Petersime Incubator Company had reserved the right in its chattel mortgage by Bunn to take possession of the incubator in the event payments secured by the chattel mortgage became in default. This point is sustained. By the terms of the chattel mortgage in evidence the right to repossess the property in case of default in payments was reserved. It is well settled in this state that a mortgagee who has the right under his contract to take possession of mortgaged property upon default in payment of the debt secured can not be held liable in any event for damages for taking such property by a writ of sequestration even though it be alleged that the writ was wrongfully procured, since he has done no more by the writ than his contract gave him the right to do. Bordelon v. Philbrick, Tex.Civ.App., 84 S.W.2d 711; Brunson v. Dawson State Bank, Tex.Civ.App., 175 S.W. 438; Willis v. Mays et al., Tex.Civ.App., 177 S.W.2d 1000; Wedig v. San Antonio Brewing Association, 25 Tex.Civ.App. 158, 60 S.W. 567. The trial court therefore was in error in rendering judgment in this case against the mortgagee for taking possession of the incubator under the writ of sequestration, since it had that right under its chattel mortgage. This is true even though the debt securing the chattel mortgage was barred by limitation at the time the suit.

was filed. The debt, though barred, was still in existence and unless the appellee had interposed his plea of limitation the appellant would have been entitled to judgment for his debt and foreclosure. It therefore still had the right to take possession of the incubator under its chattel mortgage until that right was defeated by the plea of limitation.

That portion of the judgment of the trial court that appellant take nothing by its suit against appellee Bunn is affirmed. That portion of the judgment which awarded appellee the sum of Five Hundred ($500) Dollars damages against appellants Petersime Incubator Company and Fidelity and Deposit Company of Maryland is reversed and judgment rendered that he take nothing against them.

Affirmed in part and reversed and rendered in part.