**No. 01-14-00723-CV**

_____

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
5/14/2015 5:01:50 PM
CHRISTOPHER A. PRINE
Clerk

IN THE COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON

_____

THE STATE OF TEXAS,

*Appellant*,

v.

KNA PARTNERS, INC., A TEXAS JOINT VENTURE,

*Appellee.*

_____

**SUR-REPLY OF APPELLEE**

_____

Trial Court Cause No. 1011330
On Appeal from County Civil Court at Law Number Three
Harris County, Texas
The Honorable Linda Storey, Judge Presiding

_____

**VINSON & ELKINS L.L.P.**
H. Dixon Montague
State Bar No. 14277700
e-mail: dmontague@velaw.com
Billy C. Dyer
Catherine B. Smith
David G. Wall
1001 Fannin Street, Suite 2500
Houston, Texas 77002-6760
Telephone: 713.758.2086
Facsimile:  713.615. 5461

*Attorneys for Appellee KNA Partners, Inc., A Texas Joint Venture*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................ ii

I.     At Trial, the State Characterized KNA's Driveways as Appurtenant Easements. ...................................................................................1

II.    The Judgment Is Supported by the State's Agreement, Stipulation, or Concession. ...................................................................................3

      A.     The State's Attorney's Unequivocal Statement to the Trial Court Constitutes an Agreement, Stipulation, or Concession. .............3

      B.     Alternatively, No Pleading Is Required Because the State Tried the Driveway Issue by Consent. .......................................................5

III.    The State Acknowledges that Payment Is Required Prior to Passage of Title. .........................................................................................6

IV.    The State's Appeal Is Moot Because It Is Undisputed That the State Voluntarily Restored the Driveways. ...........................................7

CONCLUSION AND PRAYER.........................................................................8

CERTIFICATE OF COMPLIANCE................................................................10

CERTIFICATE OF SERVICE.........................................................................11

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Camarena v. Texas Employment Comm'n*,
754 S.W.2d 149 (Tex. 1988) .................................................................. 8

*City of Houston v. Texan Land and Cattle Co.*,
138 S.W.3d 382 (Tex. App.—Houston [14th Dist.] 2004, no pet.) .................. 6

*Employees Finance Co v. Lathram*,
369 S.W.2d 927 (Tex. 1963) .................................................................. 7

*Gen. Land Office of Tex. v. OXY U.S.A., Inc.*,
789 S.W.2d 569 (Tex. 1990) .................................................................. 8

*Highland Church of Christ v. Powell*,
640 S.W.2d 235 (Tex. 1982) .................................................................. 8

*Miga v. Jensen*,
96 S.W.3d 207 (Tex. 2002) .................................................................... 7

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Martinez*,
800 S.W.2d 331 (Tex. App.—El Paso 1990, no writ) ................................. 4, 5

*Shepherd v. Ledford*,
926 S.W.2d 405 (Tex.App.—Fort Worth 1996),
*aff'd*, 962 S.W.2d 28 (Tex. 1998) ........................................................... 5

*Southwestern Resolution Corp. v. Watson*,
964 S.W2d 262 (Tex. 2003) ................................................................... 6

*St. Louis, A. & T. Ry. Co. v. Henderson*,
86 Tex. 307, 24 S.W. 381 (1893) ............................................................ 6

*State v. Meyers*,
403 S.W.2d 366 (Tex. 1966) .................................................................. 1

## Constitutions, Rules, and Statutes

Texas Constitution,
  art. I, § 17 ........................................................................................... 6

  art. II, § 1 ........................................................................................... 8

Texas Property Code § 21.042(d)....................................................... 2, 5

Texas Rules of Civil Procedure,
  Rule 11 ............................................................................................... 5

  Rule 67 ............................................................................................... 6

## Other Authorities

73 Am. Jur. 2d *Stipulations* § 1 (1974)................................................. 5

http://www.merriam-webster.com/dictionary/restore ............................. 4

TO THE HONORABLE JUSTICES OF THE FIRST COURT OF APPEALS:

Appellee files this Sur-reply to respond to the State's Reply Brief. This case is set for submission without oral argument on May 19, 2015.

**I.     AT TRIAL, THE STATE CHARACTERIZED KNA'S DRIVEWAYS AS APPURTENANT EASEMENTS.**

The State agrees in its Reply brief that KNA "has an easement of access" to the abutting roadway, but asserts that KNA's "nine driveways or curb cuts do not constitute easements appurtenant." Reply 2. The State contends that none of KNA's cases "support the proposition that curb cuts constitute easements appurtenant," when that in act is exactly what they are. *See* Reply 4. *State v. Meyers*, a Texas Supreme Court case cited by KNA, recognizes that "abutting property owners have certain private rights in existing streets and highways . . . [and] the most important of these private rights is the right of access to and from the highway." *State v. Meyers*, 403 S.W.2d 366, 370-71 (Tex. 1966). The Texas Supreme Court expressly referred to this right of access as "an ***easement appurtenant*** to the abutting land." *Id.* Emphasis added.

Not only does the Texas Supreme Court authority refer to a driveway access as an easement appurtenant, but the State's counsel also agreed with that legal description when it referred to the driveways during the trial. As the State's counsel explained to the trial court:

1

> The owner has the right of egress and ingress, access, onto and off of their property. . . . The analysis the courts have employed is, it's total access from the subject property to the right-of-way and it has the right of access to the – **they have an easement appurtenant to the right-of-way.**

3 RR 81 (emphasis added); *see also* 6 RR 127-28; 8 RR 189.

The State asserts in a footnote that testimony by Peter Boecher and John Hudson at trial that KNA held appurtenant easements in the driveways is "conclusory, unreliable, and misstatements of the law… and no evidence." Reply 7 n.1. But, the State never made any such objection at trial to that elicited testimony, and in fact acknowledged the characterization by also referring to the right of access through the driveways as an easement appurtenant in its cross-examination of Boecher and Mark Sikes, KNA's appraisal expert. *See, e.g.* 6 RR 128; 8 RR 189.

The only manner by which an abutting property owner gains access to a public street is by a curb cut, nine of which were needed in the case of KNA's property to support its highest and best use. If the access is altered (i.e., by loss of curb cuts), the property owner has the right to pursue a claim for that loss as provided by the Legislature in 2011 in § 21.042(d) of the Texas Property Code. TEX. PROP. CODE § 21.042(d).

## II. THE JUDGMENT IS SUPPORTED BY THE STATE'S AGREEMENT, STIPULATION, OR CONCESSION.

### A. The State's Attorney's Unequivocal Statement to the Trial Court Constitutes an Agreement, Stipulation, or Concession.

It is undisputed that the State agreed to restore all nine of the driveways. But, the State claims that it had no "agreement" or "stipulation" with KNA regarding restoration of the nine driveway access connections. Reply 7. The State does acknowledge that it "represented both before and during trial that its project included reconstruction of the nine driveway access connections." *Id.* The State made this representation with the intent that KNA rely on it, which it did.

In connection with pretrial stipulations, the trial court expressly asked about the curb cuts:

> THE COURT: **All the curb cuts were included in that [the taking]**?
>
> MR. MONTAGUE: Yes. The curb cuts were included in the taking.
>
> THE COURT: We are all talking about curb cuts.
>
> MR. MONTAGUE: If the curb cuts were included in the taking. The State, if you go out there today, has reestablished some of the curb cuts. It's a consequence of how close the taking is now to the building. Those curb cuts really offer no viable access in and out of the property for the types of traffic that the office/warehouse facility serves.
>
> THE COURT: Is it an agreed or a disputed fact that these buildings are usable or not usable anymore?
>
> MR. MONTAGUE: We have agreed to a stipulation as I think, Your Honor, that as a consequence of the taking, the improvements on the

3

property, correct me if I'm wrong, Mr. Brocato, the improvements on the property after the taking no longer are viable and must be raised.

THE COURT: Okay. And is that an agreed fact?

MR. BROCATO: That's an agreed fact, Your Honor.

THE COURT: Why did ya'll go put curb cuts back then for, I guess, whatever somebody might tear down the buildings and rebuild?

MR. BROCATO: They can redevelop the site.

THE COURT: That's what I'm saying. Okay. So, it can be redeveloped with buildings in a different location, configuration or whatever?

MR. BROCATO: **Right. And we'll put all the curb cuts back.**

3 RR 7-8 (emphasis added).

The State thus represented on the record to the trial court that all of the curb cuts would be restored. [1] 3 RR 8. While it is true that the parties did not make a formal stipulation about the curb cuts/driveways to the trial court, the trial court could properly consider the material representations made by the State's attorney on the record, in open court.

A "stipulation" is an agreement, admission, or concession made in a judicial proceeding by the parties or their attorneys, respecting some matter incident thereto. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Martinez*, 800 S.W.2d 331,

---

[1] The State's engineer witness, Robert Scott Davis, testified in that same pre-trial hearing that TxDot made the decision to "leave [the nine driveways] restored." 3 RR 71-72. The verb "restore" means (1) to give back (someone or something that was lost or taken); (2) to return (someone or something); (3) to put or bring (something) back into existence or use; (4) to return (something) to an earlier or original condition by repairing it, cleaning it, etc. *See* http://www.merriam-webster.com/dictionary/restore.

4

334 (Tex. App.—El Paso 1990, no writ) (citing 73 Am. Jur. 2d *Stipulations* § 1, at 536 (1974)). In the *National Union* case, the court held that the appellant's attorney's statements to the court regarding wage rate in a workers' compensation case should be construed as an "agreement or stipulation" within the contemplation of Rule 11 of the Texas Rules of Civil Procedure. Rule 11 and its mandate encompass concessions made by counsel in trial court. *See Shepherd v. Ledford*, 926 S.W.2d 405, 410 (Tex.App.—Fort Worth 1996), *aff'd*, 962 S.W.2d 28 (Tex. 1998) (applying Rule 11 to stipulations which included a "concession" by counsel). Certainly, the State's attorney's unequivocal statement to the trial court on the record constitutes an agreement, stipulation, or concession. And KNA relied on it; otherwise, it would have pursued a claim for a material impairment of access. TEX. PROP. CODE § 21.042(d).

**B. Alternatively, No Pleading Is Required Because the State Tried the Driveway Issue by Consent.**

KNA's land planner, Peter Boecher, prepared a drawing showing that all nine driveways would be restored "After the Taking," and that Exhibit 10 was pre-admitted for the trial of this case **without any objection** from the State. 4 RR 96; *see* 16 RR DX10. As outlined in KNA's Brief of Appellees, numerous witnesses testified about KNA's nine curb cuts/driveways and the value that those driveways added to the property. Br. App'ee 16-18. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all

5

respects as if they had been raised in the pleadings. TEX. R. CIV. P. 67; *see also Southwestern Resolution Corp. v. Watson*, 964 S.W2d 262, 264 (Tex. 2003) (holding unpleaded affirmative defense of payment on a note was tried by consent when the opposing party did not object to testimony about whether payment was made).

## III. THE STATE ACKNOWLEDGES THAT PAYMENT IS REQUIRED PRIOR TO PASSAGE OF TITLE.

The Texas Constitution provides that "No person's property shall be taken, damaged, or destroyed for or applied to public use, without *adequate compensation being first made, unless by consent of such person*; and when taken, except for the use of the state, such compensation shall be first made or secured by a deposit of money." TEX. CONST. art. I, § 17 (emphasis added). The payment of compensation is a condition precedent to the right to take and use, and title does not vest until payment is made. *St. Louis, A. & T. Ry. Co. v. Henderson*, 86 Tex. 307, 312, 24 S.W. 381, 384 (1893); *see also City of Houston v. Texan Land and Cattle Co.*, 138 S.W.3d 382, 392 (Tex. App.—Houston [14th Dist.] 2004, no pet.). The State agrees that in condemnation that title "does not pass until payment is made." Reply 5. The State argues, however, that payment does not include reconstruction of access connections because such reconstruction "was not part of the compensation." *Id.* at 6. The State argues that compensation in condemnation must only be money damages based on fair market value. *See id.* But, the State

6

can point to no authority that excludes compensation "in kind" compensation (*i.e.*, the restoration of the curb cuts), particularly where that compensation has been agreed to by the property owner. Moreover, to so hold would foreclose a condemning authority's opportunity to make physical modifications to one's property to lessen the damages caused by the condemnation as part of the consideration which is to no one's benefit.

## IV. THE STATE'S APPEAL IS MOOT BECAUSE IT IS UNDISPUTED THAT THE STATE VOLUNTARILY RESTORED THE DRIVEWAYS.

It is undisputed that all nine driveways have been reconstructed. But, the State still claims that there is still an existing controversy because the judgment makes passage of title subject to the return of the driveways. However, the State restored all nine driveways voluntarily and without explicitly reserving the right to challenge the recitations in the judgment regarding the passage of title – as it represented to KNA (and the trial court) that it would do both before and during trial.

How is the State's conduct any different than a judgment debtor who voluntarily pays the judgment against him without explicitly reserving the right to appeal? It is a settled rule of law that when a judgment debtor voluntarily pays and satisfies a judgment rendered against him, the cause becomes moot. *Employees Finance Co v. Lathram*, 369 S.W.2d 927, 930 (Tex. 1963). The judgment debtor thereby waives his right to appeal and the case must be dismissed. *See Miga v.*

7

*Jensen*, 96 S.W.3d 207, 211 (Tex. 2002) (requiring judgment debtor who pays judgment to express an intent to pursue his appeal); *Highland Church of Christ v. Powell*, 640 S.W.2d 235, 236 (Tex. 1982) (noting that expressly reserving the right to appeal when the judgment is paid is the safest course of action).

The State restored all nine driveways without expressly reserving its right to appeal the recitations in the judgment relating to the restoration of those driveways. It is a fundamental tenet that this Court cannot decide moot controversies. *Gen. Land Office of Tex. v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 570-72 (Tex. 1990); *Camarena v. Texas Employment Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988). This prohibition is rooted in the Texas Constitution's separation of powers doctrine, which prohibits courts from rendering advisory opinions. *See* TEX. CONST. art. II, § 1. Because the State voluntarily restored the driveways without reserving any appellate rights, this appeal should be alternatively dismissed for want of jurisdiction.

## CONCLUSION AND PRAYER

For all the reasons stated above and in KNA's Brief of Appellee, the Court should affirm the judgment of the trial court or alternatively dismiss the appeal as moot.

Respectfully submitted,

**VINSON & ELKINS L.L.P.**


*/s/ H. Dixon Montague*
H. Dixon Montague
State Bar No. 14277700
dmontague@velaw.com
Billy C. Dyer
State Bar No. 06312580
bdyer@velaw.com
Catherine B. Smith
State Bar No. 03319970
csmith@velaw.com
David G. Wall
State Bar No. 25060788
dwall@velaw.com
1001 Fannin Street, Suite 2500
Houston, Texas 77002-6760
Telephone: 713.758.2086
Facsimile: 713.615. 5461

***Attorneys for Appellee, KNA Partners,
A Texas Joint Venture***

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I hereby certify that this Sur-reply contains 1,969 words, excluding the words not included in the word count pursuant to Texas Rule of Appellate Procedure 9.4(i)(1). This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document as well as a hand count of words contained in the charts included in the brief.

*/s/ Catherine B. Smith*
Catherine B. Smith

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 14, 2015, the foregoing Sur-Reply of Appellee was served electronically on the following parties in accordance with the requirements of the Texas Rules of Appellate Procedure:

Susan Desmarais Bonnen
susan.bonnen@texasattorneygeneral.gov
Philip Arnold
Ken Paxton
Charles E. Roy
James E. Davis
Randall K. Hill
P.O. Box 12548
Austin, Texas 78711-2548
        *Attorneys for Appellant*
        *Via Electronic Service*


                                    */s/ Catherine B. Smith*
                                    Catherine B. Smith


US 3451667v.1