The **FIDELITY & CASUALTY COMPANY OF NEW YORK,** Appellant,

v.

Edwin **READ,** Appellee.

No. 4751.

Court of Civil Appeals of Texas.

Waco.

Oct. 24, 1968.

Rehearing Denied Nov. 14, 1968.

Patterson & Lamberty, Dallas, for appellant.

Otto B. Mullinax, Dallas, for appellee.

OPINION

WILSON, Justice.

The carrier's contentions in this appeal from a workmen's compensation judgment are that the evidence is factually and legally inadequate to sustain the jury's finding that the employee's wage-earning capacity

during permanent partial incapacity was $35 per week. We overrule appellant's points and affirm.

The carrier does not argue that the employee is not permanently incapacitated or that his injuries are not severe. Its position is that the burden is on the employee to adduce evidence that he will have some wage-earning capacity "other than none" during disability; and that the only finding sustainable by the evidence is that he will have no earning capacity whatever. Thus, it is argued, by implication, a total incapacity verdict is compelled which conflicts with the partial disability finding, precluding judgment. See Insurance Company of North America v. Brown, (Tex. Sup.1965) 394 S.W.2d 787.

The record, in our opinion, supports the finding on wage-earning capacity.

It is not required that a claimant adduce positive and affirmative evidence of his future ability to earn wages in a definite and specific amount. The very nature of the inquiry makes it obvious it is not susceptible of exactitude. At best the uncertain answer must be the result of deduction from circumstances leading to a reasonable estimate. See Texarkana & Ft. S. Ry. Co. v. Toliver, 37 Tex.Civ.App. 437, 84 S.W. 375, writ ref.; International & G. N. R. Co. v. Cruseturner, 44 Tex.Civ.App. 181, 98 S.W. 423, writ ref.; City of Wichita Falls v. Geyer, Tex.Civ.App., 170 S.W. 2d 615, writ ref.; McElroy v. Luster, Tex. Civ.App., 254 S.W.2d 893, writ ref.; Traders & General Ins. Co. v. Snow, Tex.Civ. App., 114 S.W.2d 682.

There is medical evidence that claimant, whose leg was previously amputated, sustained injuries from chemicals which incapacitated him, and that he could return to work with precautions. He was a skilled worker in electrical pursuits, receiving regular promotions. After the injury he was advised not to engage in work around chemicals, steam, heat or pressure, as it would possibly cause further damage. Plaintiff testified that the number of hours he was able to work had been reduced. His wage-earning capacity before the injury was $155 per week.

There is without question, in summary, ample evidence that plaintiff has suffered reduction in earning capacity, and will have some wage-earning capacity after the injury. His prior earning ability is established. The question narrows, therefore, to whether absence of testimony of the precise monetary extent of that future earning capacity destroys the jury finding. Appellant says it finds no cases holding "the jury may estimate wage-earning capacity from the same evidence and in the same manner" as that relating to incapacity. We hold that same evidence which shows the extent of incapacity may be considered in determining the wage-earning capacity of the claimant. We hold there is evidence, and that it is not insufficient, to support the jury finding.

Jury misconduct is assigned. We find no showing concerning it except a juror's affidavit. The record, consequently, presents nothing for review.

All points are overruled.

Affirmed.