**COMMERCIAL INSURANCE COMPANY OF NEWARK, NEW JERSEY, Appellant,**

**v.**

**Vassie B. LANE, Appellee.**

**No. 17823.**

Court of Civil Appeals of Texas, Dallas.

April 27, 1972.

Rehearing Denied May 25, 1972.

David R. Noteware, M. Lawrence Hicks, Jr., Thompson, Knight, Simmons & Bullion, Dallas, for appellant.

Thomas A. Blakeley, Jr., Grady, Johnson, Smith & Blakeley, Dallas, for appellee.

BATEMAN, Justice.

The jury in this workmen's compensation case found appellee was partially disabled for two years.

By its first two points of error appellant challenges the correctness of the judgment in the absence of any proof or jury finding of the applicable wage rate. Appellee had pled her pre-injury wage rate and appellant filed only a general denial. The amendment of Section (n) of Rule 93, Vernon's Texas Rules of Civil Procedure, adding subsection (8) to provide that wage rate, if pleaded, shall be presumed to be true as pleaded unless denied by verified pleadings became effective January 1, 1971, after all pleadings of both parties had been on file several months but more than four months before the trial began. The trial court, applying the new rule, found the wage rate as alleged without requiring proof thereof.

Appellant argues that this was wrong because it denies a compensation insurance carrier equal protection and due process under the law by compelling it to deny under oath a fact of which it could have no first-hand knowledge and thus imposes upon it an insurmountable burden in violation of Article 1, Sections 3 and 19 of the Texas Constitution, Vernon's Ann.St.

We overrule this contention. In our opinion the rule is not unconstitutional on its face and would be unconstitutional only to the extent that its application in a particular case would deny due process to an insurance company by requiring it to file a sworn denial of facts it could know only from hearsay.

Appellant is in no position here to attack the validity of the rule on this ground be-

cause it has not shown that it must rely upon hearsay to make such a verified denial. We do not accept appellant's statement that the rule compels it to deny under oath a fact of which it could not have first-hand or personal knowledge. We must assume that appellant had the same access to the employer's wage records as the insured employer. Insofar as information was available from the employer's records, it is our holding that a representative of appellant company would have or could easily acquire sufficient personal knowledge to make an affidavit in unequivocal terms. Thus, if such records should disclose either that appellee worked for at least 210 days * *during the preceding year* and that her average weekly wage was as alleged, or that another employee of the same class worked at least 210 days at the average weekly wage alleged, then appellant would be bound to accept the allegation as correct. On the other hand, if appellant determined from such records that appellee or another employee of the same class worked for at least 210 days at a lower rate than alleged by appellee, then appellant would be in a position to file an unequivocal denial. If such record should show that neither appellee nor any employee of the same class worked as much as 210 days for the same employer at the wage rate alleged, then appellant would have to make some other investigation. If as a result of such investigation it could verify a denial of wage rate on information and belief only, and filed a verified denial in that form, then we would have the question as to whether appellant was denied its rights under the Constitution by a holding that such verification was insufficient. However, in this case appellant filed no verified denial at all, nor did it make any showing that it could not determine the truth of the allegations of wage rate from records or other reliable information available to it. Consequently, appellant is in no position to assert that its constitutional rights have been denied.

■ Appellant complains, under its second point, of the retroactive application of a law designed to function prospectively, in violation of Article 1, Section 16, of the Texas Constitution. We see no merit in this argument. Rule 814, T.R.C.P., provides *inter alia* that the rules of civil procedure shall govern all further proceedings in actions pending on the effective date of the rules, except to the extent that in the opinion of the court such application "would not be feasible or would work injustice." This places the matter in the sound discretion of the court, and in the absence of an abuse of that discretion its application of the rule will not be disturbed. The trial court specifically found in the judgment that "application of said rule is feasible and just in this case." We see no abuse of discretion here. Heid Bros., Inc. v. Smiley, 166 S.W.2d 181 (Tex.Civ.App., Texarkana 1942, writ ref'd w. o. m.); Jaques v. Simms, 171 S.W.2d 924 (Tex.Civ.App., Austin 1943, writ dism'd); Arana v. Gallegos, 279 S.W.2d 491 (Tex.Civ.App., San Antonio 1955, no writ).

■ Moreover, the constitutional inhibition against the making of retroactive laws is not ordinarily extended to a procedural or remedial statute or rule unless it destroys or impairs vested rights, or takes away a litigant's remedy or right of action, or of defense, or so unreasonably incumbers or limits it as to render it useless or impracticable. 53 Tex.Jur.2d, Statutes, § 29, p. 54 et seq.; Bristow v. Nesbitt, 280 S.W.2d 957, 959 (Tex.Civ.App., Eastland 1955, no writ); Phil H. Pierce Co. v. Watkins, 114 Tex. 153, 263 S.W. 905, 907 (1924).

We overrule Points of Error Nos. 1 and 2.

■ By its third point of error appellant complains of an order *in limine* forbidding it to introduce evidence that appellee was receiving $254 per month as welfare aid

---

* See Vernon's Tex.Rev.Civ.Stat.Ann. Art. 8309, § 1 (1967).

for her nine dependent children. The order sustaining the motion instructed appellant not to introduce evidence or make mention of receipt by appellee of Aid for Dependent Children "in the presence and hearing of the jury without first approaching the bench outside the hearing of the jury and obtaining permission of the Court." The record fails to show that such permission was requested. Therefore, the alleged error was not preserved for review and no reversible error is shown. City of Corpus Christi v. Nemec, 404 S. W.2d 834, 836 (Tex.Civ.App., Corpus Christi 1966, no writ). We do not reach the question of admissibility of such evidence. Point of Error No. 3 is overruled.

By its fourth and fifth points of error appellant says (4) there was no competent evidence to support the jury finding that $45 per week was appellee's wage earning capacity during her period of partial incapacity, and (5) that such finding was against the great weight and preponderance of the evidence.

Appellee, 27 years old, was employed by Texas Instruments, Inc. as a trainee in assembling mechanical parts so small the work was done under a microscope. She worked in a sitting position. She testified that she was injured when it became necessary for her to bend down and look in the back of the machine she was working with, resulting in what felt like a "crick" in her neck. Although this caused pain, by taking several "pain pills" she was able to continue working for the remainder of the shift and also worked the full shift next day. She testified that the pain in her neck, right arm and hand and numbness in the arm and hand have continued unabated except for the temporary relief she received from the "pain pills"; that she has tried to work but cannot because of the pain in her neck; that she cannot do housework such as mopping, sweeping, moving furniture, washing "and things like that," but can dust the furniture; that her condition is not improving but is "staying the same," making it impossible for her to wash cars,

or be a waitress, or go back to working with a microscope at Texas Instruments.

Her sister testified that appellee "dusts and combs the kids' hair, and making up the bed. Most of the things she doesn't do, mop and sweep and cook."

She was examined and treated by a Dr. Berry at Parkland Hospital and also by a Dr. Biltz, of Corsicana, where she resided. She said, "I think he give me x-rays," but she did not go back. She also consulted a Dr. Thompson who used a machine on her neck and gave her medicine for pain. She did not call any of those doctors as witnesses.

Dr. Marvin P. Knight examined her on April 1, 1970 at appellant's request and testified that he took x-ray pictures of her neck but could find no evidence of injury to the cervical spine; that he found her range of motion normal. He found no muscle spasm, no swelling, and no reflex changes; she had full range of motion; he could not find any basis from the clinical examination for her complaints; he found no need for physical therapy, diathermy, traction, or any other treatment. He made approximately the same examination of her again on February 3, 1971 and still could not find any abnormality or evidence of injury.

Appellee claimed an injury that totally and permanently incapacitated her, and all of her evidence was to that effect. Appellant has persistently contended that she suffered no incapacitating injury at all, and all of its evidence is to that effect. The jury rejected her claim of total, permanent, but found partial, temporary incapacity.

In passing upon Point of Error No. 4, which is a "no evidence" point, we may consider only the evidence, if any, which, viewed in its most favorable light, supports the verdict, disregarding all evidence which would lead to a contrary result. Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W.2d 359, 363 (1957). While the

785

evidence is far from strong, under these rules we cannot say there is no evidence to support the finding in question.

■ There was evidence that she suffered reduction in earning capacity and the failure of the jury to find from a preponderance of the evidence that her injury produced total incapacity establishes that she has had some wage-earning capacity after the injury. Insurance Company of North America v. Brown, 394 S.W.2d 787, 789 (Tex.Sup.1965). Appellee was not required to adduce positive and affirmative evidence of her future ability to earn wages in a specific amount. As said in Fidelity & Casualty Co. of New York v. Read, 433 S.W.2d 797, 798 (Tex.Civ.App., Waco 1968, writ ref'd n. r. e.):

"The very nature of the inquiry makes it obvious it is not susceptible of exactitude. At best the uncertain answer must be the result of deduction from circumstances leading to a reasonable estimate."

The courts have made similar holdings in innumerable common-law damage suits; e. g., McElroy v. Luster, 254 S.W.2d 893, 898 (Tex.Civ.App., Fort Worth 1953, writ ref'd); International & G. N. R. Co. v. Cruseturner, 44 Tex.Civ.App. 181, 98 S.W. 423, 425 (Austin 1906, writ ref'd); Texarkana & Ft. S. Ry. Co. v. Toliver, 37 Tex. Civ.App. 437, 84 S.W. 375, 377 (Galveston 1904, writ ref'd); and in Traders & Gen. Ins. Co. v. Snow, 114 S.W.2d 682, 689 (Tex.Civ.App., El Paso 1938, writ dism'd), a workmen's compensation case, it was said:

"In arriving at the compensation to be awarded great latitude is allowed. Lumbermen's Reciprocal Ass'n v. Warner, Tex.Com.App., 245 S.W. 664."

■ There was no direct evidence of a wage earning capacity of $45 per week, but the jury had the testimony of Dr. Knight indicating no incapacity, and the testimony of appellee and her sister indicating total incapacity. The jury had the right to believe all, or part, or none of this testimony. There was also the testimony of appellee that her last employment prior to going to work for Texas Instruments, Inc. was as a cook, from which she made about $40 or $45 per week. Appraising all of this evidence in the light of the appearance and behavior of the witnesses while testifying, as well as the common knowledge, experience and sense of justice with which jurors may be credited, the jury made findings as to appellee's incapacity which we hold are supported by competent evidence and are not against the weight and preponderance of the evidence. We therefore overrule Points of Error Nos. 4 and 5.

■ By its sixth point of error appellant complains of the overruling of its motion for mistrial based upon appellee's testimony in response to a question as to why, after going to Parkland Hospital for the first two or three months after her injury, she stopped going there. The court warned her not to testify to what someone else told her, and she then said:

"I was advised that the doctor wouldn't see me any more, * * *."

We overrule this point of error for two reasons: (1) appellee had already testified to the same effect without objection in the course of her cross-examination by appellant's counsel; and (2) the matter was not of such importance as to warrant the granting of a mistrial. The error was harmless. Superior Insurance Co. v. Sanchez, 428 S.W.2d 718 (Tex.Civ.App., Waco 1968, writ ref'd n. r. e.); Rule 434, T.R.C. P.

Affirmed.