**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

**v.**

**James W. ARMSTRONG, Appellee.**

**No. 5207.**

Court of Civil Appeals of Texas, Eastland.

Sept. 28, 1978.

Lancaster Smith and Harvey L. Davis, Dallas, for appellant.

John B. Wilson, Jr., Wilson, Menaker & Branson, Dallas, for appellee.

DICKENSON, Justice.

Plaintiff, James W. Armstrong, sued Texas Employers' Insurance Association for

benefits under the Worker's Compensation Law. The jury returned a verdict for Armstrong, and the trial court entered a judgment for Armstrong for total and permanent disability benefits plus past medical expenses. The Association appealed. We affirm the judgment of the trial court.

The statement of facts shows that the extent and duration of Armstrong's disability was hotly disputed. The jury resolved that issue against the Association, and there is sufficient evidence to support the verdict. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). The relevant facts may be stated as follows: Armstrong worked for Neuhoff Brothers Packing Company from June 11, 1952, until May 9, 1976; he received an accidental injury on November 12, 1973, while in the course and scope of his employment for Neuhoff Brothers; the Association paid him weekly compensation benefits for the three weeks that he was off work; he returned to work on December 3, 1973, and worked on a regular basis until May 11, 1976; he was on a medical leave of absence from that time until the trial of this case in October and November of 1977; and several medical doctors testified as to a ruptured or herniated disc in his lower back.

■ The Association contends that the trial court erred in denying its motion for directed verdict and in rendering judgment for Armstrong on the jury's findings of total and permanent incapacity since November 12, 1973. The Association insists that as a matter of law Armstrong could not be permanently and totally disabled from that date until May 11, 1976, because he was working at the same job and making more money. We disagree. The fact that an injured worker has continued to work and earn money is not conclusive on the issue of his capacity to work. Such proof is part of the factual evidence which the jury may consider in answering the issues on incapacity or disability, but this evidence does not preclude an award for total and permanent disability. *Texas State Highway Department v. Kinsler,* 230 S.W.2d 364 (Tex.Civ.App.—Beaumont 1950, writ ref'd).

■ The Association also contends that the jury's findings are so against the clear weight of the evidence as to be manifestly and clearly wrong. We disagree. We have reviewed the entire record, and we hold that the findings are not against the great weight and preponderance of the evidence. *In re King's Estate,* supra.

■ The Association contends that since Armstrong was paid his full wages for the time that he worked after November 12, 1973, until May 11, 1976, he was fully compensated for this period of time. The Association contends that no worker's compensation benefits are owed for this period of time. No authorities are cited in support of these contentions, and we know of none. We hold that the trial court did not err in awarding compensation benefits for this period of time and that those benefits are not reduced by the wages which Armstrong earned. Tex.Rev.Civ.Stat.Ann. art. 8306, § 10.

The other points of error not specifically discussed have been considered, and they are overruled. Rule 434, T.R.C.P. Armstrong filed a cross-point under Rules 435 and 438, T.R.C.P., asking the appellate court to assess damages against the Association for perfection of a "frivolous" appeal. The cross-point is overruled. We do not exercise our discretion to assess damages under Rule 435, T.R.C.P. We do not find that the appeal was taken for delay and without sufficient cause. Rule 438, T.R.C.P.

The judgment of the trial court is affirmed.