OPINION
MURPHY, Justice.
This is an appeal from a Judgment Non Obstante Veredicto in a worker’s compensation case.
Appellant was employed as a registered nurse at Methodist Hospital. In the course of her employment, she and another nurse were transferring a patient to his bed. The other nurse failed to lift the patient, causing appellant to support his entire weight. She filed a claim with the Texas Industrial Accident Board for a back injury. Appel-lee, the insurer for Methodist Hospital, filed suit to appeal the final award of the Board. Appellant cross-filed.
A jury found that appellant sustained four separate periods of total temporary disability, that she sustained a permanent partial disability, and that she suffered a loss in earning capacity of $100 per week during partial incapacity.
Appellee filed a Motion for Judgment Non Obstante Veredicto and asked the court to disregard the jury’s answer to Special Issue No. 6 on the basis that there was insufficient evidence to support the jury’s finding of permanent partial incapacity and to disregard its answer to Special issue No. 8 on the basis that there was no evidence to support the finding of a $100 per week diminution in average weekly earning capacity. The trial court overruled appellee’s motion as to Special Issue No. 6, sustained the motion as to Special Issue No. 8, and granted the Motion for Judgment Non Obstante Veredicto. Appellant filed a Motion to Set Aside the Judgment Non Obstante Veredicto and to Enter Judgment on the Verdict or, in the alternative, to grant a Motion for New Trial. Both motions were overruled.
Appellant brings two points of error. She argues that the trial court erred in disregarding the jury’s answer to Special Issue No. 8 and in granting appellee’s Motion for Judgment Non Obstante Veredicto because the record contained sufficient evidence to support the jury’s finding. Appel-lee brings two cross-points. In the first, it argues that the trial court improperly denied its motion to disregard the jury finding of permanent partial disability in answer to Special Issue No. 6 on the basis of no evidence. In the second, it contends the evidence was factually insufficient to support the jury’s finding of a $100 diminution in weekly earning capacity. We sustain appellant’s two points of error.
The legislature has specified the method of computing a decrease in wage earning capacity in a worker’s compensation case. When the incapacity resulting from the injury is partial, the association shall pay the injured employee weekly compensation equal to sixty-six and two-thirds *379 percent of the difference between the average weekly wages before the injury and the average weekly wage earning capacity during the existence of such partial incapacity. TEX.REV.CIV.STAT.ANN. art. 8306, § 11 (Vernon Supp.1984); Employers Reinsurance Corp. v. Holland, 162 Tex. 394, 347 S.W.2d 605, 606 (1961). The burden is on the claimant to prove the difference between the average weekly wage before the injury and the average weekly wage earning capacity during partial disability. Angelina Casualty Co. v. Jones, 493 S.W.2d 247, 249 (Tex.Civ.App.—Beaumont 1973, no writ).
To recover compensation under the Worker’s Compensation Act the employee must establish “average weekly wages” under one of three statutory methods according to the amount of time employed on the job where the injury occurred. TEX.REV.CIV.STAT.ANN. art. 8309, § 1-3 (Vernon 1967); Lubbock Independent School District v. Bradley, 579 S.W.2d 78, 80-81 (Tex.Civ.App.—Amarillo 1979, writ ref’d n.r.e.). “Average weekly wages” may also be proven by stipulation. Texas Compensation Insurance Co. v. Matthews, 510 S.W.2d 640, 644 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ). Generally, a stipulation in open court is binding as a contract on the parties and the court. Keller Industries v. Reeves, 656 S.W.2d 221, 228 (Tex.App.—Austin 1983, writ ref'd n.r.e.); see TEX.R.CIV.P. 11.
The record clearly reveals that the appellant was partially incapacitated from the back injury. Appellant presented detailed information concerning the periods of her employment following the injury, the type of work she was able to perform and her subsequent salaries. Appellant did not present the jury with the required evidence from which it could calculate her “average weekly wage” pursuant to the statutory method. Therefore, the jury could not have used the statutory formula to determine her wage rate.
However, the parties stipulated to a pre-injury average weekly wage of $265.85. This rate was never revealed to the jury, but was available to the court. Special Issue No. 8 required the jury to “find from a preponderance of the evidence the reduction in plaintiff’s average weekly earning capacity during such partial incapacity.” The jury was properly instructed that its answer to the issue should be stated as “the difference between her average weekly wage before the injury and her average weekly earning capacity during such partial incapacity.” This is the statutory formula set forth in TEX.REV.CIV.STAT. ANN. art. 8306, § 11.
We recognize that the jury did not receive exact numerical information from which it could determine appellant’s average weekly wage before the injury, because it did not possess the stipulation of this information during its deliberations. However, the detailed testimony of appellant and her experts provided ample resources for the jury’s use in making this determination. See Texas Employers’ Insurance Association v. Lara, 687 S.W.2d 463 (Tex.App.—Houston [14th Dist.] 1985, writ granted). Direct evidence of disability resulting in a reduction of earning capacity is not required, but the fact may be established by circumstantial evidence upon the testimony of lay witnesses alone. American Home Assurance Co. v. Burnett, 585 S.W.2d 793, 795 (Tex.Civ.App.-Texarkana 1979, no writ). Further, direct evidence of the extent of the reduction of earning capacity is not absolutely necessary, and because of the uncertain nature of the damages suffered, the jury is allowed great latitude in arriving at the compensation to be awarded. Texas Employers’ Insurance Association v. Paxton, 612 S.W.2d 705, 707 (Tex.Civ.App.-El Paso 1981, no writ).
We find that the record does contain some evidence of probative force to support the jury findings. Therefore, the order was improperly granted. See Corbin v. Safeway Stores, Inc., 648 S.W.2d 292 (Tex.1983); Atlantic Mutual Insurance Co. v. Middleman, 661 S.W.2d 182 (Tex.App.-San Antonio 1983, no writ). Appellant’s first two points of error are sustained.
*380 Our disposition of appellant’s first two points of error is controlling of each of appellee’s cross-points. The judgment of the trial court is reversed, and the cause is remanded with instructions to enter judgment on the verdict.