

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

September 10, 1990

Honorable John B. Holmes, Jr.
Harris County District Attorney
District Attorney's Building
201 Fannin, Suite 200
Houston, Texas   77002

Opinion No.   JM-1218

Re:  Authority of a local
governmental  body to pay
for   an   item   purchased
under   contract   executed
prior   to   the   effective
date  of  section  140.003
of  the  Local  Government
Code   (RQ-2017)

Dear Mr. Holmes:

You ask whether section 140.003, Local Government Code, applies to a purchase, made with funds administered by the district  attorney  under  article  59.06  of  the  Code  of Criminal Procedure, where the contract was executed, and the goods  delivered,  prior  to  the  effective  date  of  the provisions of section 140.003, but payment has not yet been made.   The provisions of section 140.003 were added in 1989 by section 1 of House Bill 1434.   Acts 1989, 71st Leg.,  ch. 1250, § 1, at 5046.   Section 22 of the act provides that the act takes effect September 1, 1989.

Section 140.003 requires that a "specialized local entity," defined in subsection (a) to include a "district or criminal district attorney," "shall purchase items in accordance with the same procedures and subject to the same requirements applicable  to  a county  under  subchapter  C, chapter 262" of the Local Government Code.  Subchapter C of chapter 262,  known as  the County  Purchasing Act,  imposes detailed requirements  on  county purchases,  including  the requirement that, with certain exceptions, purchases over a certain amount  be  made  pursuant to  competitive  bids  or proposals.  See Local Gov't Code § 262.023.

Presumably, the  cause  of  your concern  is  that  the acquisition in question was not made in accordance with  the the requirements of the County Purchasing Act, which section 140.003 makes applicable to  district attorney purchases  as of  September  1,  1989.    You  indicate  that  since  the

performance of the parties was not completed, by payment, prior to September 1, 1989, payment has to date been withheld out of a concern that making payment for the items after September 1, 1989, would violate section 140.003.

It appears that at the time the contract in question here was executed and the items delivered, purchases with district attorney funds administered under article 59.06 of the Code of Criminal Procedure were not subject to the competitive bidding and other requirements of the County Purchasing Act. Article 59.06 provides for the disposition of forfeited property by law enforcement agencies. See art. 59.01 et seq., Code Crim. Proc. (seizure and forfeiture of property used or intended to be used in the commission of certain offenses, or of the proceeds or property acquired with the proceeds gained from the commission of such offenses). Attorney General Opinion JM-783 (1987) indicated that purchases with forfeited funds, under V.T.C.S., article 4476-15, § 5.08, (now article 59.01 et seq., Code Crim. Proc.) were not subject to the requirements of the County Purchasing Act, then found at article 2368a.5, V.T.C.S.

You do not raise or provide us with sufficient facts to address issues as to the propriety generally of the use under article 59.06 of forfeited funds for the acquisition in question. We address here only the narrow legal question you raise: whether the purchase by the district attorney of items for which a contract was executed and of which delivery was taken, prior to the effective date of the provisions of section 140.003, but for which payment was not made before such date, is subject to the provisions of that section.

You suggest that application of section 140.003 to the transaction in question would violate the prohibition in article I, section 16 of the state constitution on retroactive laws or laws impairing the obligations of contracts. See also U.S. Const. art. I, § 10.

Assuming that the August 1989 contract in question was validly entered into and delivery of the subject merchandise properly taken in August, under the laws then in force, we agree that application to the transaction of the subsequently effective provisions of section 140.003 -- so as to

prevent or make subject to injunction,[1] the purchaser's performance, by payment of its obligations arising from such contract and delivery -- would violate the prohibitions in article I, section 16 on retroactive laws or laws impairing the obligations of contracts. See, e.g., Hutchings v. Slemons, 174 S.W.2d 487 (Tex. 1943) (broker's oral contract entered into before effective date of statute of frauds pertaining to such contracts not subject to statute of frauds); Cardenes v. State, 683 S.W.2d 128 (Tex. Civ. App. - San Antonio 1984, no writ) (statute authorizing surety to receive a remitter of its bond under stated circumstances, was enacted subsequent to bond forfeiture in case and, since it would impair rights acquired by state under laws at time it entered into contract with surety, was not retroactive in application). See also Spires v. Mann, 173 S.W.2d 200 (Tex. Civ. App. - Eastland 1943, writ ref'd) (broker's contract antedating statute of frauds provision); Attorney General Opinions JM-897 (1988) and JM-774 (1987) (imposition of fee by Veterans Land Board for delivery of paid-in-full deeds to purchasers under contracts not contemplating imposition of such fee).

That the contract in question here was made by a public entity does not remove it from the scope of the prohibitions of article I, section 16 of the Texas Constitution. Fazekas v. University of Houston, 565 S.W.2d 299 (Tex. Civ. App. - Houston [1st Dist.] 1978, writ ref'd n.r.e.), app. denied, 440 U.S. 952. Nor, we think, would application of section 140.003 to the transaction in question be in the nature of an exercise of police power or change in procedure or remedy which might be permissible under article I, section 16. See, e.g., Caruthers v. Bd. of Adjustment of City of Bunker Hill Village, 290 S.W.2d 340 (Tex. Civ. App. - Galveston 1956, no writ) (zoning); Commercial Ins. Co. of Newark, N.J. v. Lane, 480 S.W.2d 781 (Tex. Civ. App. - Dallas 1972, writ ref'd n.r.e.) (retroactive law making procedural or remedial change not invalid unless it impairs vested rights or takes away or unreasonably impairs litigant's remedy, right of action, or defense).

It might be suggested that the parties to the contract in question here were on notice at the time of its execution

---

1.  See Local Gov't Code § 262.033 (taxpayer may enjoin performance of contract made in violation of County Purchasing Act).

in August, 1989, that the provisions of section 140.003, approved by the governor on June 16, 1989, would take effect September 1, 1989. Addressing a similar situation, with regard to an act taking effect 90 days after adjournment of the legislature, the court in Purser v. Pool, 145 S.W.2d 942 (Tex. Civ. App. - Eastland 1940, no writ) stated that passage of an act does not give contracting parties "notice of anything. It did not operate as notice until it became a law ninety days after adjournment."

Again, we conclude in response to your question, that application of Local Government Code section 140.003 -- requiring that district attorney purchases be made in accordance with the competitive bidding and other requirements of the County Purchasing Act -- to a district attorney purchase for which the contract was executed and delivery of the subject merchandise taken prior to the effective date of the provisions of that section, would violate the prohibitions in article I, section 16 of the constitution on retroactive laws and laws impairing the obligations of contracts.

## S U M M A R Y

Application of Local Government Code section 140.003, which requires that district attorney purchases be made in accordance with the competitive bidding and other requirements of the County Purchasing Act, does not apply to a district attorney purchase for which the contract was executed and delivery of the subject merchandise taken prior to the effective date of the provisions of that section. Application of that provision in such situation would violate the prohibitions in article I, section 16 of the constitution on retroactive laws and laws impairing the obligations of contracts.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General