**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, Appellant,**

v.

**Rodolfo MARTINEZ, Appellee.**

**No. 08–90–00116–CV.**

Court of Appeals of Texas, El Paso.

Nov. 21, 1990.

Jack Brewster, Brewster and Mayhall, El Paso, for appellant.

Malcolm McGregor, El Paso, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

FULLER, Justice.

In a Texas Worker's Compensation Act trial, the jury found that the worker was totally incapacitated for a period of time and thereafter suffered partial incapacity which was permanent. We affirm.

## FACTS

At the time of Rodolfo Martinez's injury, he had worked for his employer as a hospital orderly for over six years. On July 6,

1987, in the course and scope of his employment while assisting a patient he injured his back. This lawsuit resulted.

## WAGE RATE

Appellee went to the jury satisfied that the trial court was correct in finding that wage rate was proven as a matter of law and he consistently maintains that opinion to this Court.

Point of Error No. One asserts the trial court erred in finding as a matter of law that Appellee had worked more than 210 days in the year immediately preceding his injury.

Appellee maintains that evidence was sufficient to prove, as a matter of law, that he had worked for the hospital at least 210 days in the year immediately preceding his injury. The burden of proof under Tex. Rev.Civ.Stat.Ann. art. 8309 § 1(1) (Vernon 1967) was on Appellee to affirmatively prove he had worked at least 210 days in the year immediately preceding the injury.

## WAGE RATE EVIDENCE

▆▆▆ The evidence before the court and jury was:

(1) Appellee's own testimony, when he was asked if he had worked over 210 days in the year before his injury, was: "It would probably be true, because I was pulling a lot of overtime." But the Appellee also testified:

I had been working before, eight hour shifts for five days a week. BUT then in '86, I STARTED WORKING 12 HOUR SHIFTS THREE DAYS A WEEK, AND ONE DAY OF EIGHT HOURS. [Emphasis added].

This testimony only added up to 208 days that he had worked in the year preceding the injury.

(2) Appellant introduced Exhibit No. 5 entitled "Employer's Wage Statement" which was dated 1/14/88 and signed by C. Moreno as Employment Coordinator for Appellee's employer, Sierra Medical Center. This wage statement pertaining to the Appellee stated that he had worked for the hospital since 2/02/82. In the blank that asked for the total number of days worked by Appellee during the 365 days preceding injury, there was typed "approx. 260" days and after the number of days per week was typed "5". THIS EXHIBIT WAS OFFERED AND ADMITTED INTO EVIDENCE AT APPELLANT'S REQUEST DURING THE APPELLEE'S CASE–IN–CHIEF.

(3) Another exhibit introduced and marked as Plaintiff's Exhibit No. 9 was also an **"Employer's Wage Statement" dated 10/7/88 prepared by Appellant and filed with the Industrial Accident Board. It again stated that Appellee had been employed since 2/02/82 and during the 365 days preceding injury he had worked "approx. 260" days. It also stated he worked "3 days per week–12° [sic] shift." This exhibit was offered and admitted into evidence WITHOUT ANY OBJECTION BEING MADE BY APPELLANT.**

Before submitting the case to the jury, the trial court discussed the submission of a wage rate issue with the attorneys; Malcom McGregor for the worker and Jack Brewster for the insurance carrier:

"MR. MCGREGOR: WELL, WILL WE HAVE THAT STIPULATION THAT HE DID WORK 210 DAYS?

MR. BREWSTER: **THAT'S WHAT THE EVIDENCE IS, THERE IS NOTHING TO THE CONTRARY.** [Emphasis added].

MR. MCGREGOR: I KNOW. BUT, CAN WE HAVE THAT STIPULATION SO WE CAN TELL THE JURY THAT?

THE COURT: IT IS MY UNDERSTANDING YOU BOTH PROVED UP 210 DAYS.

MR. BREWSTER: **I DON'T KNOW WHY WE NEED TO STIPULATE TO THE UNCONTESTED EVIDENCE."** [Emphasis added].

After all of the above transpired, the trial judge found as a matter of law that Appellee had worked 210 days the year preceding his injury and therefore a wage rate issue was unnecessary.

Even though Appellant's attorney advised the court that the evidence on wage rate was **"UNCONTESTED"** and there

was "**NOTHING TO THE CONTRARY**" he made a motion for instructed verdict based on the fact that Appellee had failed to prove he had worked 210 days for the year preceding the injury.

■ Appellee urges that Appellant stipulated that Appellee worked 210 days the year preceding his injury and therefore it was proved as a matter of law. A "stipulation" is an agreement, admission, or **concession** made in a judicial proceeding by the parties or their attorneys, respecting some matter incident thereto. 73 Am. Jur.2d *Stipulations* § 1, at 536 (1974). We agree that Appellant's statements to the trial court should be construed as an "agreement or stipulation" within the contemplation of Tex.R.Civ.P. 11 and that thereafter Appellant failed to obtain leave of the court to withdraw the stipulation.

We also note that Appellant did not request a negative submission of the wage rate issue asking the jury to determine whether Appellee did not work as many as 210 days in the year preceding the injury. *Pennsylvania National Mutual Casualty Co. v. Hannah*, 701 S.W.2d 67 (Tex.App.— Beaumont 1985, writ ref'd n.r.e.).

Regardless of whether or not Appellant should be held to have stipulated to the wage rate, we find that Appellant by offering into evidence his insured's written documentation showing Appellee had worked approximately 260 days the year preceding his injury constituted a sufficient basis for the court's finding as a matter of law that Appellee had worked at least 210 days the year preceding the injury.

Point of Error No. One is overruled.

Point of Error No. Two asserts the trial court erred in the jury charge in its question pertaining to the determination of Appellee's average daily wage during the year preceding the injury.

We find no merit to this point of error. The issue does trace the recommendation of 2 State Bar of Texas, *Texas Pattern Jury Charges* PJC 17.01 (1989) and the definition of "Wage" is properly followed.

Point of Error No. Two is overruled.

Points of Error Nos. Three and Four assert the trial court erred in its answer to a question propounded by the jury and then further erred in allowing additional jury argument on the answer.

■ After the jury retired to deliberate, a communication was received by the trial judge asking for clarification of question number four of the court's charge: Question number four of the charge was:

**What is Rodolfo Martinez' average weekly earning capacity during partial incapacity?** [Emphasis added].

The question the jury asked the trial court was:

**Dear Judge Peca: Please clarify question Number 4 for us. We're not sure what it means.** [Emphasis added].

■ It was then discovered that no direction had been given the jury for the purpose of answering question number 4. Over Appellant's objection, the trial court further instructed the jury as to question number 4:

**The weekly earning capacity of a partially incapacitated worker must be less than his average weekly earnings before his injury.** [Emphasis added].

Neither side made any objection to question number 4 when it was submitted to the jury without explanatory instructions. The jury should have been given this instruction in the original submitted charge. The additional instruction comports with that recommended in 2 State Bar of Texas, *Texas Pattern Jury Charges* PJC 17.01(4). We therefore find that the trial court's action was proper.

■ Appellee's counsel requested ten minutes to argue the additional instructions that the trial court was to submit to the jury. The trial court granted only five minutes. Tex.R.Civ.P. 286 not only authorizes the trial court to further instruct the jury but vests the trial court with discretion as to whether to allow additional arguments. We find no abuse of discretion.

Points of Error Nos. Three and Four are overruled.

■ Point of Error No. Five asserts there was no evidence and/or insufficient evidence to support the jury's answer of $75.00 as being the Appellee's average weekly earning capacity during partial incapacity.

Point of Error No. Six asserts there was no evidence and/or insufficient evidence to support the jury's finding that Appellee was totally incapacitated until October 11, 1989.

Point of Error No. Seven asserts there was no evidence and/or insufficient evidence to support the jury's answer that Appellee's partial incapacity did not commence until October 12, 1989.

In considering a "no evidence" legal insufficiency point, we consider only the evidence which tends to support the jury's findings and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965). A factual insufficiency point requires us to examine all of the evidence in determining whether the finding in question is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). The reviewing court cannot substitute its conclusions for those of the jury. If there is sufficient competent evidence of probative force to support the finding, it must be sustained. *Carrasco v. Goatcher*, 623 S.W.2d 769 (Tex.App.—El Paso 1981, no writ). It is not within the province of the court to interfere with the jury's resolution of conflicts in the evidence or to pass on the weight or credibility of the witness's testimony. *Benoit v. Wilson*, 239 S.W.2d 792 (Tex.1951). Where there is conflicting evidence, the jury's verdict on such matters is generally regarded as conclusive. *Montgomery Ward & Co. v. Scharrenbeck*, 204 S.W.2d 508 (Tex.1947); *Clark v. National Life & Accident Ins. Co.*, 200 S.W.2d 820 (Tex.1947).

> Direct evidence of disability resulting in reduction of earning capacity is not required ... may be established by circumstantial evidence and on testimony of lay witnesses alone.... [D]irect evidence of extent of reduction of earning capacity is not absolutely necessary ... because of uncertain nature of damages suffered, jury is allowed great latitude in arriving at compensation to be awarded.

*American Home Assurance Company v. Burnett*, 585 S.W.2d 793 (Tex.Civ.App.—Texarkana 1979, no writ).

■ The same evidence that will allow a jury to estimate a percentage of disability may also be considered in estimating the extent of a reduction in earning capacity. *Fidelity & Casualty Company of New York v. Read*, 433 S.W.2d 797 (Tex.Civ. App.—Waco 1968, writ ref'd n.r.e.).

This is not a case dependent solely on the testimony of the injured worker. Medical testimony and lay testimony was sufficient to form a basis for the jury's decision not only as to the reduced earning capacity but the dates of incapacity and the extent of the incapacity.

Points of Error Nos. Five, Six and Seven are overruled.

■ Point of Error No. Eight asserts error in permitting Appellee's attorney to argue jury issues numbers four and five in closing argument that had not been argued in his opening argument.

Appellant, at the close of Appellee's opening argument, did object to the failure of Appellee's attorney to argue jury question number five which pertained to the average daily wage during the year immediately preceding the injury. However, no objection was made to the failure to argue jury question number four which pertained to the average weekly earning capacity during partial incapacity. Appellee insists that he did argue these jury questions in opening argument. After a review, the record we have cannot really determine whether or not Appellee did discuss these jury issues. There is some indication that questions were referred to on a blackboard with possibly some figures suggested, but this is unclear. Regardless, the Appellant argued these same questions permitting Appellee to reply in closing argument. Tex.R.Civ.P. 269(b).

Point of Error No. Eight is overruled.

**336** 

Point of Error No. Nine complains that the trial court should have granted Appellant's motion for mistrial because of improper argument by Appellee's attorney.

Point of Error No. Ten asserts that the trial court erred and abused its discretion in not granting a new trial because the cumulative effect of errors in the trial caused the rendition of an improper verdict.

Appellee's attorney did improperly refer to benefits under the Worker's Compensation Act as being "meager" and that all the insurance carrier wanted was "its money back," referring to what it had paid Appellee. Appellant also complains that Appellee violated the motion in limine that had been granted by the trial court. The motion in limine is in the transcript but no order was entered by the trial court nor is there a statement of facts before us pertaining to the presentation and rulings by the trial court.

Appellant never requested the trial court to instruct the jury to disregard any of Appellee's objectionable argument. The old rule of "presumed error" no longer exits. Even if you assume the argument that Appellant finds so objectionable was improper "[t]he true test is degree of prejudice flowing from the argument—whether the argument, considered in its proper setting, was reasonably calculated to cause such prejudice to the opposing litigant that a withdrawal by counsel or an instruction by the court, or both, could not eliminate the probability that it resulted in an improper verdict." *Texas Employers' Ins. Ass'n v. Haywood*, 153 Tex. 242, 266 S.W.2d 856 (1954).

Appellee did not get what he was hoping for in that the jury did not find he was totally and permanently disabled but found some total incapacity and thereafter partial incapacity. We find that the error complained of did not amount to such a denial of the rights of Appellant as was reasonably calculated to cause an improper judgment in this case. Tex.R.App.P. 81(b)(1)

Points of Error Nos. Nine and Ten are overruled.

We affirm the judgment of the trial court.

OSBORN, Chief Justice, concurring.

I concur with the opinion which affirms the judgment of the trial court. I do not concur with the majority's determination that counsel for the parties stipulated that the employee worked 210 days in the year preceding his injury. When both parties introduced wage statements that reflected he had worked approximately 260 days during the preceding year, it was established as a matter of law that the 210 day requirement had been satisfied. Therefore, there was no fact issue for the jury.

I would hold that anytime a party seeks a stipulation from an opposing party, the record must reflect an affirmative response to the offer to stipulate. Anything less should not be held as a matter of law to be a stipulation. I would not hold that a statement "I don't know why we need to stipulate" is an affirmative response that "I do so stipulate." Otherwise, trial counsel should be advised to beware of the traps into which the unwary may fail.